ARNOLD, Supervisor, v. FORD.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

1. TAXATION—DOG TAX—LOCALITY.
    Under Laws 1892, c. 686, providing that there shall be levied and collected annually a certain tax on dogs, and that, if payment of such tax cannot be enforced, it shall be the duty of the collector to kill the dog, such tax is collectible in the town where the dog is kept, and not necessarily at the place of residence of the owner.

2. SAME—REFUSAL TO FURNISH DESCRIPTION—LIABILITY—EXTENT.
    Under Laws 1892, c. 686, providing that the owner of every dog shall be liable to a tax, and that, whenever required by any assessor, he shall furnish a written description of every dog owned by him, and on neglect or refusal to do so he shall forfeit $5, a judgment for $80 against an owner who possessed 16 dogs, for one refusal to furnish such description, was erroneous, since the penalty is $5 for each refusal to furnish a description, and not for each dog he possessed.

3. SAME—PENALTY—RECOVERY—ACTION BY SUPERVISOR.
    Under Laws 1892, c. 686, providing that every owner of a dog shall be liable to a tax, and shall furnish a description of every dog owned by him, on application of the supervisor, and on refusal to do so he shall forfeit $5, to be recovered by the supervisor of the town, the supervisor can maintain an action in his own name to recover the penalty.

Appeal from Saratoga county court.

Action by J. Howard Arnold, as supervisor of the town of Clifton Park, against William T. Ford. From a judgment for plaintiff, defendant appeals. Modified.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

John Scanlon (Edgar T. Brackett, of counsel), for appellant.
James W. Verbeck, for respondent.

KELLOGG, J. This action was brought in a justice court to recover the forfeitures claimed by plaintiff for a refusal by defendant to deliver to the assessors of the town of Clifton Park a written description of each dog owned, possessed, or harbored by him. The request for such description was made in writing, and was personally served upon the defendant on or about June 10, 1898. At the time of making such request by the assessors of the town of Clifton Park, the defendant was in possession of a number of dogs, and they were kept on his farm or place in the town of Clifton Park. The defendant refused to furnish the information demanded by the assessors, on the ground that he (defendant) was not a resident of the town of Clifton Park, but a resident of the city of Cohoes, and neither he nor the dogs were liable for the dog tax sought to be imposed, or imposed by statute. No question is raised as to the actual situs of the dogs. They were harbored or kept for the most part of the year in the town of Clifton Park, and were there at the time the assessors made their demand, and in the possession of the defendant; and the defendant was in the town of Clifton Park when the demand upon him was made. Sections 110 and 111 of the county law (chapter 686, Laws 1892) provide for a "tax on dogs." Where the rate of taxation is not fixed by the board of supervisors in any county, the rate is arbitrarily fixed by statute. Section 111 provides, "There shall be annually levied and collected the following tax on dogs over four months old." Then follows the specific rating against each dog,—not based upon valuation, but an arbitrary sum, dependent upon sex, and the number possessed or harbored. The entire law seems to form a scheme of taxation wholly different from the general scheme of taxation of personal or real property, and the tax, when collected, forms a special fund to defray the depredations of dogs upon sheep. A fair construction of the law, it seems to me, discloses a clear intention to compel the owner or possessor of a dog to pay the tax into this sheep fund in the town where the dog is kept, and to pay the tax once each year. If the payment cannot be enforced, then it is made the duty of the collector to kill the dog. This clearly shows the intention of the legislature to make the situs of the dog, for the purposes of this tax, to be the place or town where he is kept or harbored. That this differs from the provision of the law which requires assessment for personal property to be made at the residence of the person assessed, and not elsewhere, does not affect the construction to be given to the law where a different purpose and a different scheme are apparent, as here. It is not intended to be a personal property tax, but a tax upon the keeping or harboring of dogs, and for the benefit of the locality where they are kept or harbored,—the locality exposed to their semiferocious depredations. That the tax runs against the person harboring the dog is also instructive on the question of intended locality of taxation. He is not assessed as agent or trustee, but as owner. That is not the case with the assessment of personal property. The tax may be collected, like any other tax, from the person against whom it is assessed, if assessed as the law directs. The jurisdiction to assess is plain. The dog must always be where the person is who harbors the dog, and it follows that the assessor has always a subject to report for taxa-

tion, and a person within his jurisdiction liable for the tax. The great difficulty which would attend the collection of any tax on dogs if only the owner could be assessed, or if the tax could be only assessed in the town where the owner resides, is apparent, and was, no doubt, so apparent to the legislature that it devised this special method of letting the tax follow the dog, and not its owner. But the question in this case is not exactly a question of taxation, or place of taxation. Section 112 provides:

"The owner and possessor of every dog liable to such tax, shall, whenever required by any assessor, deliver to him a written description of every such dog owned or possessed by him. For every neglect or refusal so to do, and for every false statement made in any description so furnished, he shall forfeit five dollars to be recovered by the supervisor of the town."

This section directs each owner and each possessor of a dog over four months old to give to the assessors, when required, a description of every such dog. The law makes it the duty of the assessors to obtain this information. The presence of the dog and its keeper in the jurisdiction of the assessor is sufficient, I think, to warrant the assessor in making the request for this information; and it is not a sufficient excuse for the keeper of the dogs to say that he is not a resident of the town, and therefore will not give the information. The description sought is, obviously, to make a subsequent identification of the dog possible, and might be helpful to the collector, and enable him to exterminate the right dog in case the tax should not be paid. Both as a police regulation, and as an aid in the scheme of taxation, the requirement is reasonable, and the injunction to give the written description does not, in words, run to the owner or possessor, to be given only to the assessor of the town where the owner or possessor resides, but to be given "whenever required by the assessor"; and, if I am right in this conclusion that dogs are taxable in the town where harbored, then the assessors of that town fail in their duty if they fail to obtain this information to present to the board of supervisors of the county.

The appellant urges that the action cannot be maintained in the name of the supervisor, but must be brought in the name of the town. Except for the direction in the section imposing the penalty, "to be recovered by the supervisor of the town," there could be no doubt but an action in the name of the town would be properly brought. Without now deciding that an action in the name of the town, under this section, could not be properly maintained, I am clearly of opinion that it may be maintained by the supervisor. The supervisor represents the town in such an action, and for the same cause no second action could be brought.

The question of the disqualification of the justice of the peace before whom the action was tried was raised by affidavits and opposed by affidavits in the county court. I see no reason why we should disturb the disposition there made of this claim.

The judgment on the verdict of the jury was for $80, or 16 penalties. This was error. There was only one demand and one refusal. The statute does not say the owner or possessor shall forfeit $5 for each dog he may own or possess, but does say he shall forfeit $5 for each

refusal.   The demand was single and the refusal single, and the forfeiture could have been only a single one.   For this error, the judgment should be modified so as to stand as a judgment for $5 and costs in the lower courts, and no costs for either party on this appeal.

Judgment modified by reducing the recovery to one penalty, $5.   As modified, affirmed, without costs.   All concur.